NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

## RICHARD CAMERON GAMACHE　*v.* CALIFORNIA

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF CALIFORNIA

No. 10–5196.　Decided November 29, 2010

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG, JUSTICE BREYER, and JUSTICE KAGAN join, respecting the denial of the petition for writ of certiorari.

After a jury convicted Richard Gamache of first-degree murder and sentenced him to death, Gamache's counsel and the trial court learned that during deliberations, court personnel inadvertently gave the jury a videotape that had not been admitted into evidence. During its deliberations, the jury watched the video twice in full and a third time in part before reaching its verdict. The video showed a police interview of Gamache and his codefendants on the day of the murder in which Gamache confessed to the crime in graphic terms. The video showed Gamache explaining, for example, that given the opportunity, he would have shot police officers. 48 Cal. 4th 347, 402, 227 P. 3d 342, 390 (2010) (quoting Gamache on the video as stating, "'If I figured, if I had any idea I was about to be arrested, I'd have started shooting. . . . See, I figure if I'm going to die, . . . I'm going to take one or two with me'").

On appeal, the California Supreme Court held that the jury's access to the tape was indisputably error, citing our opinion in *Turner* v. *Louisiana*, 379 U. S. 466 (1965). 48 Cal. 4th, at 396, 227 P. 3d, at 386 ("'The requirement that a jury's verdict "must be based upon the evidence devel-

oped at the trial" goes to the fundamental integrity of all that is embraced in the constitutional concept of trial by jury'" (quoting *Turner*, 379 U. S., at 472)); see also *id.*, at 472–473 ("In the constitutional sense, trial by jury in a criminal case necessarily implies at the very least that the 'evidence developed' against a defendant shall come from the witness stand in a public courtroom where there is full judicial protection of the defendant's right of confrontation, of cross-examination, and of counsel"). The California Supreme Court found that the error was trial error and not the result of any juror misconduct. Accordingly, it did not apply a presumption of prejudice, 48 Cal. 4th, at 399, 227 P. 3d, at 388, and proceeded to conduct a harmless-error analysis.

Under our decision in *Chapman* v. *California*, 386 U. S. 18, 24 (1967), the prosecution must carry the burden of showing that a constitutional trial error is harmless beyond a reasonable doubt. See also *Deck* v. *Missouri*, 544 U. S. 622, 635 (2005) ("[W]here a court, without adequate justification, orders the defendant to wear shackles that will be seen by the jury . . . [t]he State must prove 'beyond a reasonable doubt that the [shackling] error complained of did not contribute to the verdict obtained'" (quoting *Chapman*, 386 U. S., at 24)); *United States* v. *Dominguez Benitez*, 542 U. S. 74, 81, n. 7 (2004) ("When the Government has the burden of addressing prejudice, as in excusing preserved error as harmless on direct review of the criminal conviction, it is not enough to negate an effect on the outcome of the case" (citing *Chapman*, 386 U. S., at 24)); *Arizona* v. *Fulminante*, 499 U. S. 279, 295–296 (1991) ("The Court has the power to review the record *de novo* in order to determine an error's harmlessness. In so doing, it must be determined whether the State has met its burden of demonstrating that the" error "did not contribute to [defendant's] conviction" (citations omitted)).

The California Supreme Court, however, stated, "[I]n

the absence of misconduct, the burden remains with the *defendant* to demonstrate prejudice under the usual standard for ordinary trial error." 48 Cal. 4th, at 397, 227 P. 3d, at 387 (emphasis added). It is not clear what the court intended in allocating the burden to the defendant to demonstrate prejudice, but if it meant to convey that the defendant bore the burden of persuasion, that would contravene *Chapman.* See 386 U. S., at 24 (noting that the "original common-law harmless-error rule put the burden on the beneficiary of the error either to prove that there was no injury or to suffer a reversal of his erroneously obtained judgment"); cf. *O'Neal* v. *McAninch*, 513 U. S. 432, 438–439 (1995) (describing *Chapman* as "placing the risk of doubt" about harmlessness on the State).

However, it appears from the court's recitation of the evidence and its analysis that the court found that the error at issue was harmless, regardless of the burden allocation. See 48 Cal. 4th, at 399, 227 P. 3d, at 388 ("[T]here is no reasonable possibility the outcome would have been different absent the error"). I therefore do not disagree with the denial of certiorari.

I nonetheless write respecting the denial of certiorari because the allocation of the burden of proving harmlessness can be outcome determinative in some cases. See *Fulminante*, 499 U. S., at 296 ("Five of us are of the view that the State has not carried its burden and accordingly affirm the judgment of the court below reversing respondent's conviction"); see, *e.g., State* v. *Ball*, 2004 SD 9, 675 N. W. 2d 192 (holding that the State had not met its burden of showing that prosecutor's improper references in closing argument to defendant's silence were harmless beyond a reasonable doubt); *State* v. *Jorgensen,* 2008 WI 60, 310 Wis. 2d 138, 754 N. W. 2d 77 (holding that the State had not met its burden of showing that Confrontation Clause violation was harmless beyond a reasonable doubt). With all that is at stake in capital cases, cf. *Kyles*

v. *Whitley*, 514 U. S. 419, 422 (1995) ("'[O]ur duty to search for constitutional error with painstaking care is never more exacting than it is in a capital case'" (quoting *Burger* v. *Kemp,* 483 U. S. 776, 785 (1987)), in future cases the California courts should take care to ensure that their burden allocation conforms to the commands of *Chapman*. In this case, however, because it seems that the burden allocation would not have altered the court's prejudice analysis, I do not disagree with the denial of certiorari.